McKinney, J.
delivered the opinion of the,court.
This was a motion for judgment in the Circuit Court of Jefferson, for the amount of State Revenue collected by the defendant Hamilton, as clerk of the County Court of said count}»', from the first of September, 1843, to the first of April, 1844. The motion was made at the December term, 1847, of said court, and the amount claimed to be in arrear, as stated in the motion, is $414 60: the Comptroller’s statement is not set out in the record.
The defendant, Hamilton, produced and offered in evidence the Treasurer’s receipt, of which the following is a copy.
“Branch Bank of Tennessee,
Athens, 20th March, 1846.
“$403 76. Received of Joseph Hamilton, Clerk of Jefferson County Court, four hundred and three dollars, seventy-six cents, audited to him by No. 2388, and due on account of Revenue by him collected from 1st September, 1843, to 1st
April, 1844.
ROBERT B. TURNER,
Treasurer of Tennessee,
By V. M. Campbell, Cashier.”
Defendant proved, that early in January, 1846, he caused to be tendered to said Branch Bank, the above sum of money, together with the warrant of the Comptroller; but the Bank refused to receive the money, because of an error in the warrant; in this, that it directed the payment of the money to be made to, instead of, by said Hamilton. The erroneous warrant was thereupon forwarded to the Comptroller, who returned a proper warrant; on the receipt of which, the money was again tendered to, and accepted by said Bank, and the *49 foregoing receipt executed for the same by the cashier of said Bank.
Upon this state of the facts, the Attorney General claimed to recover interest on the entire amount in arrear, from the period when, by law, it should have been paid, to the first of January, 1846, when it was first tendered on the defective warrant, at the rate of six per cent; and likewise damages on said amount at the rate of 12h per cent.
The Circuit Judge dismissed the motion, and refused to render judgment against the defendants for any amount whatever, and the Attorney General appealed in error to this court.
Did the Court err in refusing to render judgment? "We think not.
The act of 1835, ch. 55, sec. 5, requires, that the Clerks of the several courts in this State, shall pay to the Treasurer of the State, or to such other person as said Treasurer may direct, all such sums of money as they, or either of them may have collected. The Treasurer is the duly constituted agent of the Government; the payment to the Bank in the present case was pursuant to law, and is to be regarded as a payment to the Treasurer. And we are aware of no principle upon which this case can be exempted from the general rule, pervading every system of. jurisprudence, that the act of a general agent, or one put in the place of another to transact all his business of a particular kind, if within the general scope of his authority, will bind his principal. This rule, in a case like the 'present, we think equally applicable to public agents, or the various public functionaries, which the Government may employ to transact its ordinary business and operations, as to private agents employed by individuals.
The defendant Hamilton, being in default, was unquestionably liable to be proceeded against for a misdemeanor in office, and likewise to judgment by motion against him and his *50 sureties, for the amount accounted for, with damages of twelve and a half per cent, thereon. The Treasurer might, thereupon, have declined receiving the money when tendered; and the defendant Hamilton and his sureties have been proceeded against under the statute. But this was not done. On the contrary, the money was received voluntarily — an ac-quitance in full discharge of the liability given therefor— and this, we think, was a waiver of the penalty of twelve and a half per cent, damages. And such waiver, being voluntary and without any imputation of fraud, we hold that the Government is bound thereby; and, consequently, precluded from maintaining this motion.
Judgment affirmed.